UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 CV 3925**

------------------------------------x
HAROLD Y. MacCARTNEY, JR.

                Plaintiff, *Pro Se,*

**JUDGE ROMAN**

    -against-                        COMPLAINT

KEVIN D. O'DELL and CHRISTOPHER J. WALSH.,
individually and doing business as
MacCARTNEY, MacCARTNEY, KERRIGAN and Mac
CARTNEY and KEVIN D. O'DELL, P.C.

                Defendants
------------------------------------x

    Plaintiff, Harold Y. MacCartney, Jr. complaining of the defendants, Kevin D. O'Dell and Christopher J. Walsh, individually, and doing business as MacCartney, MacCartney, Kerrigan & MacCartney, and Kevin D. O'Dell, P.C., respectfully shows to the Court and alleges:

THE PARTIES

    1. The plaintiff, Harold Y. MacCartney, Jr. is a citizen of the State of Florida, who resides at 131 Ocean Grande Blvd., Unit 805, Jupiter, FL 33477.

    2. The defendant, Kevin D. O'Dell is a citizen of the State of New York, who resides at 8 Reeback Drive, Valhalla, NY 10595.

    3. The defendant, Christopher J. Walsh is a citizen of the State of New York, who resides at 10 Reynal Road, White Plains, NY 10605.

4. The defendant, MacCartney, MacCartney, Kerrigan & MacCartney is an "at will" partnership engaged in the practice of law which formerly consisted of Harold Y. MacCartney, Jr. and William K. Kerrigan and which presently consists of William K. Kerrigan, the defendant, Kevin D. O'Dell and the defendant, Christopher J. Walsh who maintain their office and principal place of business at 13 North Broadway, Nyack, NY, 10960.

5. The defendant, Kevin D. O'Dell, P.C. is a professional corporation, incorporated under and by virtue of the laws of the State of New York which maintains its office and principal place of business at 8 Reeback Road, Valhalla, NY 10595.

## JURISDICTION AND VENUE

6. The plaintiff is a citizen the State of Florida; the defendants, Kevin D. O'Dell; Christopher J. Walsh; MacCartney, MacCartney, Kerrigan & MacCartney and Kevin D. O'Dell, P.C. are citizens of the State of New York and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs and by reason thereof, this Court has original jurisdiction of this civil action pursuant to 28 USC Section 1332.

7. This action has been brought in the judicial district where the defendants are domiciled and reside and in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred and by reason

thereof, venue in this civil action is proper in this judicial district pursuant to 28 USC Section 1391.

## THE BACKGROUND AND FACTS

8. All of the parties and persons referred to herein are attorneys who are duly licensed to practice law in the State of New York. The claims herein stated all arise out of the operation, dissolution and winding up of a law firm and the conduct of the business of its successor firm.

9. For a period of time in excess of 30 years prior to September, 2008, the plaintiff, Harold Y. MacCartney, Jr. and William K. Kerrigan were partners engaged in the general practice of law under the name and style of MacCartney, MacCartney, Kerrigan & MacCartney whose offices were located at 13 North Broadway, Nyack, NY 10960. The partnership was an "at will" partnership which was formed and conducted business pursuant to a verbal agreement. During the existence of the partnership, the firm practiced law primarily in the area of civil litigation.

10. For a period of time in excess of 15 years, the defendant, Christopher J. Walsh was employed as an associate in the firm of MacCartney, MacCartney, Kerrigan & MacCartney pursuant to a verbal, "at-will" employment agreement. Under the terms of this agreement, the defendant, Walsh received a salary. In addition, in the event the defendant, Walsh secured any

business from clients who had sustained personal injuries during his tenure with the firm (primarily negligence cases), those clients immediately would become clients of the firm and the legal fees in such cases were to be divided equally between the defendant, Walsh who was to receive 50% thereof with the balance of the fees apportioned equally between the members of the firm who were partners at the time the clients were acquired, regardless of who originated the client representation or actually performed the legal services on the case on behalf of the client(s) and regardless of when the clients' cases were concluded or by whom.

11. After many years practicing law as an associate in the firm of MacCartney, MacCartney, Kerrigan, & MacCartney, the defendant, Christopher J. Walsh left the firm and continued the practice of law for a period of time with another local law firm.

12. In September, 2008, the defendant, Kevin D. O'Dell was hired as an associate in the firm of MacCartney, MacCartney, Kerrigan & MacCartney pursuant to a verbal, "at-will" employment agreement. Under the terms of this agreement, the defendant, O'Dell received a salary. In addition, in the event the defendant, O'Dell secured any business from clients who had sustained personal injuries during his tenure with the firm (primarily negligence cases), those clients immediately became

clients of the firm and the legal fees in such cases were to be divided equally between the defendant, O'Dell who was to receive 50% thereof with the balance of the fees apportioned equally between the members of the firm who were partners at the time the clients were acquired, regardless of who originated the client representation or actually performed the legal services on the case on behalf of the client(s) and regardless of when the clients' cases were concluded or by whom.

13. In the spring of 2012, the plaintiff, Harold Y. MacCartney, Jr. advised William K. Kerrigan that he intended to withdraw as a partner from the firm in September, 2012 and the plaintiff and Mr. Kerrigan began the process of planning the logistics of winding up the firms finished and unfinished business, paying creditors', settling partnership accounts, distributing and/or making equitable adjustments of the firm's assets and forming a successor partnership which would finish up the business of the "old" partnership and continue the partnership business without interruption.

14. As a result of negotiations that took place during the summer of 2012, the defendants, Kevin D. O'Dell and Christopher J. Walsh entered into an agreement with the plaintiff, Harold Y. MacCartney, Jr. and William K. Kerrigan wherein the defendants, Kevin D. O'Dell and Christopher J. Walsh would become partners with William K. Kerrigan in the law firm of MacCartney,

MacCartney, Kerrigan & MacCartney which would continue the partnership business without interruption.

15. The defendants, Kevin D. O'Dell and Christopher J. Walsh, the plaintiff, Harold Y. MacCartney, Jr. and William K. Kerrigan further agreed that the defendants and Mr. Kerrigan would then collect the assets of the firm, collect earned and unearned fees on cases where legal services were provided on an hourly and contingent fee basis, collect the debts due, pay the debts owed by the firm, complete all unfinished business of the "old" partnership and the defendants, Kevin D. O'Dell and Christopher J. Walsh both individually, and as incoming partners in the firm of the defendant, MacCartney, MacCartney, Kerrigan & MacCartney agreed to pay to the plaintiff the following:

### Cash

(a) 50% of the cash on hand in the firm's checking accounts on September 13, 2013;

### Hourly Cases Billed But Not As Yet Paid

(b) 50% of the fees on hourly fee cases which had been billed, but had not been paid by the clients prior to September 13, 2012 plus 50% of the disbursements on those cases (payable when the fees and disbursements were received);

### Hourly Cases Where Services Had Been Performed But Not Yet Billed As Of 9/13/12

(c) 100% of the fees on hourly fee cases for services performed by the plaintiff prior to September 13, 2012, but which had not yet been billed to the client plus 50% of the disbursements incurred thereon prior to September 13, 2012 which were subsequently received from the clients (payable when the fees and disbursements were received);

### Contingent Fee Cases

(d) 25% of the contingency fees in all cases which originated with the defendant, O'Dell from clients who had sustained personal injuries (primarily negligence cases) during his tenure with the firm from September, 2008 to September 13, 2012 as those clients immediately became clients of the firm and the legal fees in such cases were to be divided equally between the defendant, O'Dell who was to receive 50% thereof with the balance of the fees apportioned equally between the members of the firm who were partners at the time the clients were acquired, regardless of who originated the client representation or actually performed the legal services on the case on behalf of the client(s) and regardless of when the clients' cases were concluded or by whom, plus 50% of the disbursements in those cases which were paid by the firm (payable when the fees were received and the proceeds of the cases were distributed to the clients);

(e) 50% of the contingency fees in all cases which originated with the plaintiff or Mr. Kerrigan from clients who had sustained personal injuries (primarily negligence cases) during their tenure with the firm prior to September 13, 2012 as those clients immediately became clients of the firm and the legal fees in such cases were to be divided equally between the plaintiff and Mr. Kerrigan who were the members of the firm who were partners at the time the clients were acquired, regardless of who actually performed the legal services on the case on behalf of the client(s) and regardless of when the clients' cases were concluded or by whom, plus disbursements in those cases which were paid by the plaintiff (payable when the fees were received and the proceeds of the cases were distributed to the clients);

Compensation For Legal Services Performed<br>On Hourly Fee Cases After 9/13/12

(f) 75% of the hourly fees billed on hourly fee cases billed to the clients for services performed by the plaintiff utilizing the firm's staff and other resources after September 13, 2012 plus disbursements paid by the plaintiff and reimbursed to the firm (payable when the fees and disbursements were received);

Compensation For Firms Fixtures And Other Assets

(g) $45,000 to be paid by the defendants, Kevin D. O'Dell and Christopher J. Walsh for the plaintiff's share of the firm's fixtures, equipment and other assets together with the right to the continued use the partnership name, payable in 3 installments with $15,000 due and payable on March 13, 2013; $15,000 due and payable on September 13, 2013 and $15,000 due and payable on March 13, 2014.

16. The defendants, Kevin D. O'Dell and Christopher J. Walsh, the plaintiff, Harold Y. MacCartney, Jr. and William K. Kerrigan further agreed that the defendants, individually and the firm would render to the plaintiff periodically, on demand, full statements of the debts still due and owing the firm and payments made on account and would pay the plaintiff his full share of the profits of the partnership and all other money due to the plaintiff pursuant to the abovementioned agreement.

17. On or about September 13, 2012, the defendants, Kevin D. O'Dell and Christopher J. Walsh took possession of the firm's files, assets, bank accounts, receivables, business and financial records, furniture, fixtures and equipment and took over the management and control of the firm and assumed all continuing duties and obligations of the firm, but the defendants have failed to pay the debts of the firm and have failed to pay the monies due to the plaintiff as hereinabove set forth.

AS AND FOR A FIRST CLAIM FOR RELIEF
(Breach of Fiduciary Duty)

18.   The plaintiff, Harold Y. MacCartney, Jr. repeats, reiterates and re-alleges each and every allegation set forth in paragraphs marked "1"-"17" of the complaint with the same force and effect as if more fully set forth at length herein.

19.   The defendants, Kevin D. O'Dell and Christopher J. Walsh, both individually and as partners in the defendant, MacCartney, MacCartney, Kerrigan breached their fiduciary duty to the plaintiff, Harold Y. MacCartney, Jr. by misappropriating fees and physical property of the firm; by failing to collect all of the fees due to the firm; by failing to collect any debts of the firm and promptly pay such debts incurred on or before September 13, 2012 to the creditors and the amounts due to the plaintiff prior to paying the firm's subsequent debts and prior to withdrawing any funds from the firm for themselves; by failing to complete the unfinished business of the firm; by withdrawing fees and other funds from the firm's bank accounts and converting said fees and funds to their own use and benefit that should have been paid to the plaintiff; by borrowing money against a line of credit which was guaranteed by the plaintiff which should have been cancelled by the defendants and replaced by a "new" line of credit guaranteed by the "new" members of the firm; by converting monies borrowed against the aforesaid line

of credit to defendants own use and benefit; by funding the continued operation of the firm with monies that were to be collected and remitted to the plaintiff or to be paid to the plaintiff in order to satisfy said defendants' personal obligations to the plaintiff under the agreement which allowed them to join the firm as partners; by improperly allocating income and expenses of the firm in order to maximize the defendants' share of the profits to the plaintiff's detriment; by failing to formalize retainer agreements with the firm in contingent fee cases and diverting settlements in said cases to the defendants, individually and/or the defendants other professional corporations or business entities to the plaintiff's detriment; by failing to render accountings to the plaintiff although said accountings have been duly demanded; by making misrepresentations to the plaintiff concerning the defendants' financial status and the financial status of the firm; and have otherwise failed to fulfill their fiduciary duties.

20. By reason of the foregoing, the plaintiff has been and continues to be damaged in an amount not yet to be fully ascertained, and is entitled to any and all profits, including lost profits, resulting from the defendants, Kevin D. O'Dell and Christopher J. Walsh, individually and as partners in the firm of MacCartney, MacCartney, Kerrigan & MacCartney breach of the

aforesaid agreement and breach of said defendants' fiduciary duty for which said defendants are liable in an amount not exceeding the sum of $500,000 with interest.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(Breach of Contract)

21. The plaintiff, Harold Y. MacCartney, Jr. repeats, reiterates and re-alleges each and every allegation set forth in paragraphs marked "1"-"20" of the complaint with the same force and effect as if more fully set forth at length herein.

22. By reason of the foregoing, the plaintiff has been and continues to be damaged in an amount not yet to be fully ascertained, and is entitled to any and all profits, including lost profits, and other monies which the defendants, Kevin D. O'Dell and Christopher J. Walsh, both individually and as partners in the firm of MacCartney, MacCartney, Kerrigan & MacCartney agreed to pay to the plaintiff and as a result of their breach of contract, said defendants are liable to the plaintiff in an amount not exceeding the sum of $500,000 with interest.

## AS AND FOR A THIRD CLAIM FOR RELIEF
(Breach of New York Partnership Law)

23. The plaintiff, Harold Y. MacCartney, Jr. repeats, reiterates and re-alleges each and every allegation set forth in paragraphs marked "1"-"20" of the complaint with the same force and effect as if more fully set forth at length herein.

24. By reason of the foregoing, the plaintiff has been and continues to be damaged in an amount not yet to be fully ascertained, and is entitled to any and all profits, including lost profits and all other monies which the defendants, Kevin D. O'Dell and Christopher J. Walsh, individually, and as partners in the firm of MacCartney, MacCartney, Kerrigan & MacCartney agreed to pay to the plaintiff and as a result of their breach of New York Partnership Law, said defendants are liable to the plaintiff in an amount not exceeding the sum of $500,000 with interest.

AS AND FOR A FOURTH CLAIM FOR RELIEF<br>(Accounting)

25. The plaintiff, Harold Y. MacCartney, Jr. repeats, reiterates and re-alleges each and every allegation set forth in paragraphs marked "1"-"24" of the complaint with the same force and effect as if more fully set forth at length herein.

26. The plaintiff, Harold Y. MacCartney, Jr. has repeatedly demanded that the defendants, Kevin D. O'Dell and Christopher J. Walsh, individually, and as partners in the firm of MacCartney, MacCartney, Kerrigan and MacCartney provide the plaintiff with a full and complete accounting of all sums due to the plaintiff and that the plaintiff be provided with access to the books and records of the firm to inspect and copy them, but the defendants have failed, neglected and refused to provide the

plaintiff with and accounting or access to the books and records of the firm or to allow the plaintiff to copy them.

27. The plaintiff has no adequate remedy at law.

28. By reason of the foregoing, the plaintiff has been and continues to be damaged in an amount not yet to be fully ascertained, and is entitled to equitable relief in the form of an accounting of any and all sums due to the plaintiff from the defendants, Kevin D. O'Dell and Christopher J. Walsh, individually and as partners in the firm of MacCartney, MacCartney, Kerrigan & MacCartney.

AS AND FOR A FIFTH CLAIM FOR RELIEF
(Aiding And Abetting The Breach Of Fiduciary Duty)

29. The plaintiff, Harold Y. MacCartney, Jr. repeats, reiterates and re-alleges each and every allegation set forth in paragraphs marked "1"-"28" of the complaint with the same force and effect as if more fully set forth at length herein.

30. The defendant, Kevin D. O'Dell breached his fiduciary obligations to the plaintiff both prior to and subsequent to September 13, 2012 by acting in a manner inconsistent with his duties and trust as an employee, and subsequently, as a partner in the firm of MacCartney, MacCartney, Kerrigan and MacCartney by entering into transactions and retainer agreements with clients and diverting business and monies away from the firm of MacCartney, MacCartney, Kerrigan & MacCartney; by undertaking

duties and acting in transactions with clients in a manner which was adverse to the interests of the firm and in failing to make truthful and complete disclosures to the firm and to the plaintiff and to the firm to whom the duty of disclosure was owed.

31. The defendant, Kevin D. O'Dell, P.C. knowingly induced and/or participated in the aforesaid breach of duty by the defendant, Kevin D. O'Dell.

32. By reason of the foregoing, the plaintiff has been and continues to be damaged in an amount not yet to be fully ascertained, and is entitled to any and all profits, including lost profits, and other monies due to the plaintiff resulting from the defendant, Kevin D. O'Dell, P.C.'s aiding and abetting the defendant, Kevin D. O'Dell's breach of duty for which said defendants are liable to the plaintiff in an amount not exceeding the sum of $500,000 with interest.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
(Unjust Enrichment)

33. The plaintiff, Harold Y. MacCartney, Jr. repeats, reiterates and re-alleges each and every allegation set forth in paragraphs marked "1"-"32" of the complaint with the same force and effect as if more fully set forth at length herein.

34. On or about September 13, 2012, relying on the representations of the defendants, Kevin D. O'Dell and

Christopher J. Walsh that they would be bound by the aforesaid agreement to pay the plaintiff, the plaintiff was induced to deliver possession of the firm's files, assets, bank accounts, receivables, business and financial records, furniture, fixtures and equipment to the defendants who took over the management and control of the firm, assumed all continuing duties and obligations of the firm, collected fees on hourly billed and contingent fee cases, but have failed to pay the debts of the firm, have diverted monies due to the plaintiff to themselves and to the defendant, Kevin D. O'Dell, P.C., have induced the plaintiff to continue to perform legal services on some of the firm's cases and have failed to pay the monies due to the plaintiff as hereinabove set forth.

35. As a result of the wrongful conduct of the defendants, Kevin D. O'Dell and Christopher J. Walsh, both individually, and as partners in the defendant, MacCartney, MacCartney Kerrigan & MacCartney and the defendant, Kevin D. O'Dell, P.C., the defendants have been unjustly enriched at the expense of the plaintiff and it is against equity and good conscience to permit the defendants to retain the money and property which is sought to be recovered.

34. The plaintiff has no adequate remedy at law.

35. By reason of the foregoing, the plaintiff has been and continues to be damaged in an amount not yet to be fully

ascertained, is entitled to recovery of all money and property wrongfully misappropriated by said defendants, and is entitled to any and all profits, including lost profits, and other monies due to the plaintiff resulting from the defendants, Kevin D. O'Dell and Christopher J. Walsh, individually, and as partners in the firm of MacCartney, MacCartney, Kerrigan & MacCartney and the defendant Kevin D. O'Dell, P.C. misconduct for which said defendants are liable to the plaintiff in an amount not exceeding the sum of $500,000 with interest.

WHEREFORE, the plaintiff, Harold Y. MacCartney, Jr. demands judgment against the defendants, Kevin D. O'Dell and Christopher J. Walsh, individually and doing business as MacCartney, MacCartney, Kerrigan and MacCartney and Kevin D. O'Dell, P.C.:

a. Compelling a full and complete accounting under the order and direction of this Court between the plaintiff and the defendants;

b. Ordering the defendants to pay to the plaintiff the amount found due to the plaintiff after such accounting;

c. Ordering the defendants to pay to pay to the plaintiff any and all other damages resulting from said defendants, breach of fiduciary duty, breach of contract, breach of New York Partnership Law, Aiding and abetting the breach of fiduciary duty and unjust enrichment, and

d. Granting such other, further and different relief as to the Court may seem just and proper, together with interest and costs and disbursements of this action.

Dated: Jupiter., FL

June 2, 2014

                HAROLD Y. MacCARTNEY, JR.

By: _____
Harold Y. MacCartney, Jr.
(HM 9949)
Plaintiff, *Pro Se*
Office and P.O. Address
131 Ocean Grande Blvd.
Unit 805
Jupiter, FL, 33477
(561) 745-1755