USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/29/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HAROLD Y. MacCARTNEY, JR.,

                          Plaintiff,

     -against-

KEVIN D. O'DELL and CHRISTOPHER J. WALSH,
individually and doing business as MacCARTNEY,
MacCARTNEY, KERRIGAN & MacCARTNEY, LAW
OFFICE OF KEVIN D. O'DELL, P.C., and WILLIAM
K. KERRIGAN, individually and doing business as
MacCARTNEY, MacCARTNEY, KERRIGAN &
MacCARTNEY,

                          Defendants.

No. 14-cv-3925 (NSR)
OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

     Plaintiff Harold Y. MacCartney, Jr. brings this action alleging breach of fiduciary duty

and aiding and abetting breach of fiduciary duty, breach of contract, breach of New York

partnership law, unjust enrichment, and an accounting claim arising out of the dissolution of a

former law practice partnership. Defendants Kevin D. O'Dell, William K. Kerrigan, and the

Law Offices of Kevin D. O'Dell ("O'Dell Law Office") collectively move to dismiss Plaintiff's

amended complaint (ECF No. 38, or the "Amended Complaint") pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.[1]  (ECF No. 51.)  For the following reasons, Defendants'

motion is GRANTED in part and DENIED in part.

## BACKGROUND

     The following facts are taken from the Amended Complaint unless otherwise noted and

are accepted as true for the purposes of this motion.

---

[1] The Amended Complaint also names Christopher J. Walsh as a defendant; however, Defendant Walsh does not
join in the motion to dismiss.  References herein to Defendants exclude Defendant Walsh.

Plaintiff and Defendant Kerrigan were partners in an at-will partnership—MacCartney, MacCartney, Kerrigan & MacCartney—engaged in the practice of law (the "Old Firm"). (Am. Compl. ¶ 5.) The Old Firm was formed pursuant to a verbal agreement, and no written partnership contract exists. (*Id*. ¶ 10.) Defendant Walsh was employed as an associate at the Old Firm pursuant to an oral, at-will employment agreement. (*Id*. ¶ 11.) In 2008, Defendant O'Dell was hired as an associate by the Old Firm, also pursuant to an oral, at-will employment agreement. (*Id*. ¶ 13.) Under the terms of his employment agreement, in the event O'Dell secured personal injury cases for the Old Firm, the legal fees generated from those cases were to be divided equally between O'Dell and the Old Firm. (*Id*.)

In the spring of 2012, Plaintiff advised Kerrigan that he intended to withdraw as a partner from the Old Firm. (*Id*. ¶ 14.) Therefore, Plaintiff and Kerrigan set about winding up the affairs of the Old Firm, which included planning the formation of a successor partnership that would finish up the affairs of the Old Firm and continue the law practice. (*Id*.) As a result of negotiations that took place during the summer of 2012, it was agreed that O'Dell and Walsh would become partners with Kerrigan and would continue the partnership under the firm's old name at the same location without interruption (the "New Firm"). (*Id*. ¶ 15.) Defendants further agreed that following their collection of the assets, fees, and debts due the Old Firm; payment of the debts owed by the Old Firm; and completion of all unfinished business of the Old Firm, the Old Firm would account and pay to Plaintiff the following:

- 50% of the cash in the Old Firm's checking and money market accounts as of September 13, 2013;

- 50% of the fees on hourly fees cases billed, but not yet paid by clients prior to September 13, 2012, and 50% of the disbursements on those cases;

- 50% of the fees on hourly fee cases billed, but not yet paid by clients prior to September 13, 2012, and 50% of the disbursements on those cases;

- 100% of the fees on hourly fees cases for services performed by Plaintiff prior to September 13, 2012, but which had not been billed to client, and 50% of the disbursements on those cases incurred prior to September 13, 2012;

-  25% of contingency fees in personal injury cases originated by O'Dell during O'Dell's tenure with the firm from September 2008 to September 13, 2012;

- 50% of contingency fees in personal injury cases originated by Plaintiff or Kerrigan prior to September 13, 2012; and

- 75% of fees on hourly fee cases for services performed by Plaintiff using Old Firm's staff and resources after September 13, 2012 (hereinafter "Plaintiff's Payout").  (*Id*. ¶ 16.)

It was further agreed that Defendants would periodically render to Plaintiff, at Plaintiff's request, full statements of amounts still owed pursuant to Plaintiff's Payout.  (*Id*. ¶ 17.)  On or about September 13, 2012, Plaintiff withdrew from the Old Firm and the New Firm began its operation.  (*Id*. ¶ 19.)  Defendants have continued to carry out the business of the New Firm but have failed to pay Plaintiff the full amount owed pursuant to Plaintiff's Payout.  (*Id*. ¶ 21.)

## STANDARD ON A MOTION TO DISMISS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC,* 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation omitted).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).  In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint, *Conyers v. Rossides,* 558 F.3d 137, 143 (2d Cir. 2009), but "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside the pleadings such as affidavits . . . ." *Zappia Middle E. Contr. Co. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir. 2000).

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010).  A court should accept non-conclusory allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008).  "[T]he duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir. 1998)).  While courts generally review *pro se* pleadings liberally, "licensed attorneys proceeding *pro se* need not be afforded the same" liberal standard.  *Smith v. New York Presbyterian Hops.*, 254 Fed. App'x 68, 70 (2d Cir. 2007).

When ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted).  Courts also may consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession

4

or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). One way a document may be deemed incorporated by reference is where the complaint "refers to" the document. *EQT Infrastructure Ltd. v. Smith,* 861 F. Supp. 2d 220, 224 n.2 (S.D.N.Y. 2012). However, factual assertions raised for the first time in a plaintiff's opposition papers, including supporting affidavits and exhibits, are not properly considered by the Court on a motion to dismiss "as that would constitute 'improper[] reli[ance] on matters outside the pleadings.'" *Universal Trading & Inv. Co. v. Tymoshenko*, No. 11-cv-7877 (PAC), 2012 WL 6186471, at *1 (S.D.N.Y. Dec. 12, 2012) (quoting *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000) (internal quotations omitted)).

## DISCUSSION

### I.      Breach of Fiduciary Duty

Plaintiff's first cause of action alleges that Defendants breached their fiduciary duties to him by, among other things, misappropriating fees and property of the Old Firm; failing to collect fees due the Old Firm; failing to complete the unfinished business of the Old Firm; withdrawing fees from the bank accounts of the Old Firm for personal use instead of paying out Plaintiff; and failing to render accountings to Plaintiff. (Am. Compl. ¶ 23.) Defendants contend that (i) Plaintiff lacks standing to assert claims for breach of fiduciary duty as against Defendant O'Dell and (ii) the Amended Complaint fails to state a claim for breach of fiduciary duty as against Kerrigan.

#### A.  Standing—Claim Against O'Dell

The Court must assess whether Plaintiff, a former partner in the Old Firm, has standing to assert a breach of fiduciary duty claim against O'Dell, a former employee of the Old Firm. With respect to O'Dell, Plaintiff asserts that an employee owes a fiduciary duty of loyalty to his

employer.  (Pl.'s Opp. at 18.)  Defendants contend, on the other hand, that any breach of fiduciary duty claim as against O'Dell necessarily belongs to the partnership—the actual employer—not individual partners, since O'Dell was merely an employee of, not a partner in, the Old Firm.  (Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint ("Defs.' Mot.") at 16.)  The Amended Complaint alleges that O'Dell was hired as an associate in the Old Firm in 2008.  (Am. Compl. ¶ 13.)  O'Dell received a salary from the Old Firm, as well as a percentage of legal fees obtained from any personal injury cases O'Dell brought to the Old Firm.  (*Id*.)  Plaintiff contends that a fiduciary obligation of O'Dell to Plaintiff was born out of this "longstanding relationship . . . as friends and business associates who had practiced law together for many years" in the Old Firm, (*id*. ¶ 18) and O'Dell breached that fiduciary obligation by misappropriating fees from the Old Firm and diverting resources and business opportunities of the Old Firm for personal use and use by the O'Dell Law Office.  (*Id*. ¶ 23; Pl.'s Opp. at 18.)

These allegations do not support Plaintiff's claim that O'Dell breached any sort of duty to *him personally*.  *See Northern Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 105–06 (S.D.N.Y. 2013) ("a conclusory allegation that the parties developed a relationship of trust and confidence apart from their contractual relationship is insufficient to plead a fiduciary relationship and survive a motion to dismiss") (internal quotation and citation omitted). If anything, the allegations substantiate a claim that O'Dell breached his duty to the Old Firm. However, Plaintiff, as a former partner of the Old Firm, cannot maintain a cause of action that belongs to the partnership.  *See Handelsman v. Bedford Vill. Assocs. Ltd' P'ship*, 213 F.3d 48, 54 (2d Cir. 2000) ("Under New York law, a partnership cause of action belongs only to the partnership itself or the partners jointly, and [ ] an individual member of the partnership may

only sue and recover on a partnership obligation on the partnership's behalf.") (internal quotation and citations omitted).  Plaintiff lacks standing to pursue a breach of fiduciary duty claim against O'Dell, since O'Dell's alleged wrongs "give rise only to a derivate suit on behalf of the partnership, and not a private cause of action . . . ." *Sterling v. Minskoff*, 226 A.D.2d 125, 639 N.Y.S.2d 822, 823 (N.Y. 1996) (citing *Strain v. Seven Hills Assocs.*, 75 A.D.2d 360, 371, 429 N.Y.S.2d 424 (1st Dep't 1980)).  The Court therefore dismisses the breach of fiduciary duty claim against O'Dell.

### B.  Merits of Claim Against Kerrigan

During the lifetime of a partnership and prior to any dissolution, "[l]aw partners 'are bound by a fiduciary duty requiring "the punctilio of an honor the most sensitive."'" *Gibbs v. Breed, Abbott & Morgan*, 271 A.D.2d 180, 193, 710 N.Y.S.2d 578, 587 (N.Y. 2000) (quoting *Graubard Mollen Dannett & Horowitz v. Moskovitz,* 86 N.Y.2d 112, 118, 629 N.Y.S.2d 1009, 653 N.E.2d 1179 (N.Y. 1995) (quoting *Meinhard v. Salmon,* 249 N.Y. 458, 464, 164 N.E. 545 (N.Y. 1928))).  However, it is well settled that upon notice of dissolution of a partnership, fiduciary obligations between the partners cease, even though the partnership itself does not terminate until the affairs are wound up.  *See Matter of Silverberg*, 81 A.D.2d 640, 641, 438 N.Y.S.2d 143 (N.Y. 1981); *Morris v. Crawford*, 304 A.D.2d 1018, 1021, 757 N.Y.S.2d 383 (N.Y. 2003); *Ebker v. Tan Jay Int'l Ltd.*, 741 F. Supp. 448, 468-89 (S.D.N.Y. 1990) *aff'd sub nom. Ebker v. Tan Jay*, 930 F.2d 909 (2d Cir. 1991); *Gilmore v. Ham*, 142 N.Y. 1, 7, 36 N.E. 826, 828 (N.Y. 1894); *Ben Dashan v. Plitt*, 58 A.D.2d 244, 249, 396 N.Y.S.2d 542, 546 (4th Dep't 1997).  "But there is an important exception: they have a continuing duty to each other as they wind up the partnership's affairs, including winding up the partnership's unfinished business." *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 477 B.R. 318, 327

(S.D.N.Y.) opinion amended and superseded, 480 B.R. 145 (S.D.N.Y. 2012) rev'd in part, vacated in part sub nom. *In re Coudert Bros. LLP*, 574 F. App'x 15 (2d Cir. 2014) (citing *Ajettix Inc. v. Raub*, 9 Misc. 3d 908, 912, 804 N.Y.S.2d 580 (N.Y. Sup. Ct. 2005) ("[O]n dissolution, partners owe a continuing fiduciary duty to one another with respect to dealings effecting the winding up of the partnership and the preservation of partnership assets."); *King v. Leighton*, 100 N.Y. 386, 3. N.E. 594 (1885)).  *See also Matter of Silverberg*, 81 A.D.2d at 641 ("The partner charged with winding up the affairs of the partnership still retains a fiduciary duty as an agent of the remaining partners with respect to the liquidation of the firm.")

Here, Plaintiff alleges that Kerrigan breached his fiduciary duty to Plaintiff by, among other things, failing to collect all fees and debts owed to the Old Firm; borrowing money against a line of credit guaranteed by Plaintiff for the Old Firm; and funding the operations of the New Firm with funds that should have been distributed to Plaintiff in Plaintiff's Payout.  (Am. Compl. ¶ 23.)  These allegations are all directed towards purported wrongdoing by Kerrigan post-dissolution, during which time Kerrigan continued to owe Plaintiff a fiduciary duty as he wound up the affairs of the Old Firm.  Further, Plaintiff contends that as a result of Kerrigan's actions, Plaintiff suffered damages—in particular, he has yet to receive the funds owed to him from the dissolution of the Old Firm.  The Court therefore finds that the Amended Complaint sufficiently states a claim for breach of fiduciary duty as against Kerrigan to withstand the motion to dismiss.

## II.   Breach of Contract

The Court next turns to Plaintiff's second cause of action—breach of contract.  While the Amended Complaint is devoid of any reference to a written contract, Plaintiff nevertheless appears to assert in his opposition brief that a contract was formed during the August 6 Meeting and that his wife acted as his agent when entering into the contract.  (Pl.'s Opp. at 26.)  "An

agency relationship may be established by conduct, or by written or oral contract." *Pyramid Champlain Co. v. R.P. Brosseau & Co.*, 267 A.D.2d 539, 544, 699 N.Y.S.2d 516 (3d Dep't 1999) (citation omitted).  Conduct evidences an agency relationship when it "gives rise to an appearance and reasonable belief that an agency has been created and the agent possesses the authority to enter into a transaction." *Id.* (internal quotation and citation omitted).

The Amended Complaint is devoid of any factual assertions or evidence from which this Court could conclude that an agency relationship existed between Plaintiff and his wife.  There is no evidence of a written or oral agreement between Plaintiff and his wife regarding an agency relationship, nor does the Amended Complaint allege facts substantiating the claim that an agency relationship arose out of conduct.  In fact, as Defendants point out, Plaintiff's wife's presence at the August 6 Meeting is mentioned for the first time in Plaintiff's opposition brief.  As mentioned *supra*, facts raised for the first time in a party's opposition papers are not properly considered by the Court on a motion to dismiss.  Given the absence of factual assertions or evidence indicating that Plaintiff's wife acted as his agent, the Court concludes that the Amended Complaint fails to establish the existence of a contract entered into by Plaintiff and dismisses Plaintiff's breach of contract claim.

## III.   Accounting

In New York, an at-will partnership "may be terminated by any partner at any time." *Clapp v. LeBoeuf, Lamb, Leiby & MacRae*, 862 F. Supp. 1050, 1057–58 (S.D.N.Y. 1994) *aff'd* 54 F.3d 765 (2d Cir. 1995) (citing *Shandell v. Katz*, 95 A.D.2d 742, 464 N.Y.S.2d 177 (1st Dep't 1983); *Malmeth v. Schneider*, 18 A.D.2d 1030, 238 N.Y.S.2d 986 (2d Dep't 1963)).  "A partnership is dissolved when a partner manifests an unequivocal election to dissolve the partnership." *Kitty Walk Sys., Inc. v. Midnight Pass Inc.*, 431 F. Supp. 306, 311 (E.D.N.Y.

2006) (internal quotation and citation omitted).  Post-dissolution, the "sole method for winding

up a partnership or a joint venture is through an accounting to determine the parties' rights."  *Id.*

(citing *Ebker*, 741 F. Supp. at 470).

To successfully allege a claim for accounting, a litigant must establish that he or she is

entitled to an accounting.  *Sriraman v. Patel*, 761 F. Supp. 2d 7, 17 (E.D.N.Y.) *amended*, 761 F.

Supp. 2d 23 (E.D.N.Y. 2011) (citing *Wood v. Cross Properties, Inc.*, 5 A.D.2d 853, 171

N.Y.S.2d 338 (2d Dep't 1958)).  Such an entitlement stems from the existence of a fiduciary

relationship between a plaintiff and a defendant and a corresponding breach of that duty.  *See*

*Sriraman*, 761 F. Supp. 2d at 17 (citing *Village of Hoosick Falls v. Allard*, 249 A.D.2d 876, 879,

672 N.Y.S.2d 447, 449 (3d Dep't 1998)); *Faulkner v. Arista Records LLC*, 602 F. Supp. 2d 470,

484 (S.D.N.Y. 2009) ("Proof of a fiduciary relationship is a mandatory element of an accounting

claim under New York law."); *Soley v. Wasserman*, 832 F. Supp. 2d 221, 237 (S.D.N.Y. 2011)

("Under New York law, a plaintiff seeking an accounting, which is an equitable remedy, must

allege both a fiduciary relationship between the plaintiff and defendant and a breach of that

fiduciary duty by the defendant.") (internal quotation and citation omitted).

Here, the parties do not dispute that the Old Firm was an at-will partnership given that

Plaintiff and Kerrigan operated as law partners absent any written partnership agreement.

Furthermore, the parties do not dispute that Plaintiff's withdrawal as a partner from the Old Firm

on or about September 13, 2012 operated to dissolve the Old Firm.  Therefore, an accounting is

necessary to wind up the affairs of the Old Firm.  Plaintiff contends, however, that Defendants

have failed to render a full accounting to Plaintiff and consequently asserts a claim for

accounting in the present action.  Defendants advance several grounds for dismissal of Plaintiff's

accounting claim.  First, with respect to O'Dell and the O'Dell Law Office, Defendants contend

that no fiduciary relationship exists between Plaintiff and those Defendants entitling Plaintiff to an accounting.  Second, Kerrigan asserts that he has already provided Plaintiff with a full accounting as it relates to the Old Firm, thereby rendering Plaintiff's accounting claim moot.

### A.  Claim Against O'Dell and the O'Dell Law Office

"Where a party bringing an action for an accounting has 'failed to allege the existence of a fiduciary or otherwise confidential relationship . . . the accounting claim merits dismissal.'" *Sarafianos v. Shandong Tada Auto-Parking Co.*, No. 13-cv-3895 (SAS), 2015 WL 2198499, at *3 (S.D.N.Y. May 8, 2015) (quoting *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 207 (S.D.N.Y. 2011) (citing *Stadt v. Fox News Network LLC*, 719 F. Supp. 2d 312, 323 (S.D.N.Y. 2010))).  For the reasons discussed in Section I.A *supra*, neither O'Dell nor the O'Dell Law Office owes a fiduciary duty to Plaintiff in his personal capacity. Therefore, the Court dismisses Plaintiff's accounting claim as against those Defendants.

### B.  Claim Against Kerrigan

While no fiduciary relationship ever existed between Plaintiff and O'Dell or Plaintiff and the O'Dell Law Office, it is undeniable that Plaintiff and Kerrigan owed one another fiduciary duties as partners in the Old Firm.  *See Sriraman*, 761 F. Supp. 2d at 17 ("It is axiomatic that partners maintain a fiduciary relationship with regard to the affairs of the partnership.") (citing *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 972-73 (2d Cir. 1989)).  Plaintiff is therefore entitled to an accounting from Kerrigan with respect to the Old Firm.

"Once a plaintiff establishes that he has a right to an accounting, the second step is for the Court to 'true-up' the partners' individual accounts to make sure that each has been allocated his fair share of partnership distributions . . . ."  *Sriraman*, 761 F. Supp. 2d at 17.  "In making this determination, the Court can consider clerical errors in allocations to the individual accounts;

11

breaches of any partnership agreement or of fiduciary duty or fraud committed by one partner against another; diversion or non-contribution of assets that should be within the partnership; or any other matters necessary to restore the individual accounts to the level established by the partners' agreement or the law." *Id.* (citing *Wilde v. Wilde*, 576 F. Supp. 2d 595, 607–08 (S.D.N.Y. 2008); *Vinlis Constr. Co. v. Roreck*, 30 A.D.2d 668, 668, 291 N.Y.S.2d 924 (2d Dep't 1968)). The Court may also evaluate whether certain contested assets should be subject to distribution. *Id.*

While Defendants contend that Plaintiff's claim for an accounting is moot based upon Kerrigan's December 10, 2014 accounting (*see* Defs.' Mot., Exhibit E, ¶ 4), Plaintiff contends that Defendants have failed to pay him money owed pursuant to Plaintiff's Payout. (Pl.'s Opp. at 11–12.) Moreover, there appears to be a disagreement between the parties as to the distribution of certain assets of the Old Firm, such as fees generated in contingency cases. (*See* Pl.'s Opp. at 13.) Finally, Plaintiff contends that the accounting provided by Kerrigan is "incomplete" because it does not reflect certain funds used to operate the New Firm. (Pl.'s Opp. at 15.) The Court is not in a position to "true-up" the partnership assets of the Old Firm at this stage of the litigation prior to discovery and declines to rely solely upon Kerrigan's self-serving statement in an affidavit, which the Court notes does not even outline the details of the accounting but merely states in conclusory fashion that an accounting was provided to Plaintiff. Therefore, the Court denies Defendants' motion to dismiss Plaintiff's accounting claim against Kerrigan.

## IV.    Breach of New York Partnership Law

At the third cause of action, Plaintiff asserts a breach of New York Partnership Law, though the Amended Complaint does not cite any particular provision. (Am. Compl. ¶¶ 27-28.) Based upon this Court's review of Plaintiff's opposition papers, it appears that this claim is

intended to be an alternative grounds for Plaintiff's claim to an accounting right, albeit a statutory one, pursuant to New York Partnership Law §§ 43, 44, and 74. Section 74 of New York Partnership Law provides for a statutory right to accounting upon dissolution of a partnership. *See Soley v. Wasserman*, No. 08-cv-9262 (KMW) (FM), 2013 WL 5780814, at *2 (S.D.N.Y. Oct. 24, 2013) *aff'd*, No. 14-cv-2820, 2016 WL 321176 (2d Cir. Jan. 27, 2016) (citing N.Y. P'ship. Law § 74).  Additionally, "sections 43 and 44 of the partnership statute allow for an accounting—even absent dissolution—where a partner alleges a breach of fiduciary duty or a wrongful exclusion, when such is provided for by agreement, or where otherwise 'just and reasonable.'"  *Scholastic, Inc. v. Harris*, 259 F.3d 73, 91 (2d Cir. 2001) (citing N.Y. Partnership Law §§ 43, 44).  For the reasons stated in Section III.B *supra*, Plaintiff has a valid accounting claim pursuant to New York Partnership Law as against Kerrigan.

## V.      Aiding and Abetting Breach of Fiduciary Duty

Plaintiff's fifth cause of action states that the O'Dell Law Office aided and abetted O'Dell's breach of fiduciary duty.  "A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach."  *Kaufman v. Cohen*, 307 A.D.2d 113, 125, 760 N.Y.S.2d 157 (1st Dep't 2003) (citations omitted).  In light of the fact that this Court previously concluded that O'Dell does not owe a fiduciary duty to Plaintiff, the Court accordingly dismisses Plaintiff's claim that the O'Dell Law Office aided and abetted O'Dell's breach of fiduciary duty.

## VI.     Unjust Enrichment

Finally, Plaintiff's sixth cause of action sets forth a claim for unjust enrichment.  Unjust enrichment is a quasi-contract claim and operates as "'an obligation imposed by equity to

prevent injustice, in the absence of an actual agreement between the parties.'" *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516, 973 N.E.2d 743, 746 (N.Y. 2012) (quoting *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142, 879 N.Y.S.2d 355, 907 N.E.2d 268 (N.Y. 2009)).  To successfully assert a claim for unjust enrichment, a party must allege the following: "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Georgia Malone*, 19 N.Y.3d at 516.  While "a plaintiff need not be in privity with the defendant to state a claim for unjust enrichment," the relationship between the parties must not be "too attenuated." *Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 215–16, 863 N.E.2d 1012, 1018 (N.Y. 2007).  *See also Laydon v. Mizuho Bank, Ltd.*, No. 12-cv-3419 (GBD), 2014 WL 1280464, at *13 (S.D.N.Y. Mar. 28, 2014) (quoting *Reading Int'l, Inc. v. Oaktree Capital Mgmt.*, 317 F. Supp. 2d 301, 334 (S.D.N.Y. 2003) ("An unjust enrichment claim, however 'requires some type of direct dealing or actual, substantive relationship with a Defendant.'").

Defendants argue that Plaintiff's unjust enrichment claim fails because Plaintiff has failed to allege a sufficiently close relationship between Plaintiff and the Defendants.  (Defs.' Mot. at 28.)  Though the Court previously concluded that no fiduciary relationship existed between Plaintiff and O'Dell, there nevertheless exists a sufficiently close relationship between the parties as alleged in the Amended Complaint at this stage of the litigation.  O'Dell was an employee in the Old Firm, in which Plaintiff and Kerrigan were partners.  O'Dell and Kerrigan intended to continue the practice of the Old Firm upon Plaintiff's resignation, and as part of the winding up of the Old Firm, Plaintiff was to be compensated for services previously rendered.  Plaintiff relied upon that representation in delivering to O'Dell files, assets, bank accounts, receivables, business and financial records, furniture, fixtures and equipment of the Old Firm.  Consequently,

14

Defendants cannot disclaim the existence of a sufficiently close relationship—"this is not a case in which the parties are simply to[o] far removed from one another for an unjust enrichment claim to stand." *Amusement Indus., Inc. v. Midland Ave. Assocs., LLC*, 820 F. Supp. 2d 510, 537 (S.D.N.Y. 2011) (internal quotation and citation omitted).  Moreover, Plaintiff alleges a sufficiently close relationship between Plaintiff and Kerrigan given that they were partners in the Old Firm.

Defendants additionally assert that Plaintiff's unjust enrichment claim is duplicative of Plaintiff's contract claim.  (Defs.' Mot at 26.)  The Court finds this argument unavailing. Defendants cannot simultaneously claim the benefit of asserting no contract existed with respect to Plaintiff's breach of contract claim and assert that Plaintiff's unjust enrichment claim is duplicative of the breach of contract claim.  Either a contract exists entitling Plaintiff to proceed on a breach of contract theory or no contract exists (or there is a dispute as to whether one exists), which may permit recovery under an unjust enrichment theory.  *See Barbagallo v. Marcum LLP*, 820 F. Supp. 2d 429, 447 (E.D.N.Y. 2011) (holding that plaintiff's "unjust enrichment claim is not categorically barred" as "there is no valid contract").

The Court finds that Plaintiff has sufficiently alleged the elements of an unjust enrichment claim at this stage of the litigation.  Construing the allegations in the Amended Complaint in the light most favorable to Plaintiff, it appears that Defendants misappropriated fees, assets, and funds from the Old Firm; failed to pay out Plaintiff from the funds of the Old Firm following its dissolution; and instead utilized the assets and funds of the Old Firm to operate the New Firm.  (Am. Compl. ¶¶ 38–39.)  In sum, Defendants were enriched at Plaintiff's expense.  Accordingly, the Court denies Defendants' motion to dismiss the unjust enrichment claim.

**VII.     Amending the Complaint**

In his opposition brief, Plaintiff requests that this Court grant him leave to amend the Amended Complaint.  (Pl.'s Opp. at 34-35.)  As Defendants point out, Plaintiff has already twice amended the complaint and the opposition brief contains no description of the amendments Plaintiff proposes to make.  (Reply at 27-28.)  Plaintiff has provided this Court with nothing to evaluate the futility of the proposed amendments, and the Court accordingly denies this request.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part.  Plaintiff's claims are resolved as follows:

- Breach of fiduciary duty claim is DISMISSED as against O'Dell and the O'Dell Law Office;

- Breach of contract claim is DISMISSED as against Kerrigan, O'Dell, and the O'Dell Law Office;

- Accounting claim is DISMISSED as against O'Dell and the O'Dell Law Office;

- Breach of New York Partnership Law claim is DISMISSED as against O'Dell and the O'Dell Law Office; and

- Aiding and abetting breach of fiduciary duty claim is DISMISSED as against the O'Dell Law Office.

The Court DENIES Defendants' motion to dismiss Plaintiff's unjust enrichment claim. Consequently, the remaining claims against Kerrigan are for breach of fiduciary duty, accounting, breach of New York Partnership Law, and unjust enrichment.  The remaining claim against O'Dell and the O'Dell Law Office is for unjust enrichment.  Defendants are directed to file answers to their respective remaining claim(s) within 30 days hereof.  Defendant Walsh, having not moved to dismiss any claims in the Amended Complaint, is directed to file an answer to the Amended Complaint within 30 days hereof.  The parties are directed to contact the

chambers of Magistrate Judge Paul E. Davison to schedule a conference. Parties shall bring an amended case management plan to that conference. The Court respectfully directs the Clerk to terminate the motion at ECF No. 51.

Dated:   February 29, 2016                                SO ORDERED:
         White Plains, New York

                                                          NELSON S. ROMÁN
                                                          United States District Judge