USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2|27|2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAROLD Y. MacCARTNEY, JR.,

                      Plaintiff,

   -against-

KEVIN D. O'DELL and CHRISTOPHER J. WALSH,
individually and doing business as MacCARTNEY,
MacCARTNEY, KERRIGAN & MacCARTNEY, LAW
OFFICE OF KEVIN D. O'DELL, P.C., and WILLIAM
K. KERRIGAN, individually and doing business as
MacCARTNEY, MacCARTNEY, KERRIGAN &
MacCARTNEY,

                      Defendants.

No. 14-cv-3925 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      Plaintiff Harold Y. MacCartney, Jr. brings this action alleging breach of fiduciary duty,

breach of New York partnership law, unjust enrichment, and an accounting claim arising out of

the dissolution of a former law practice partnership.[1]  Before the Court are objections by

Defendants Kevin O'Dell and Kevin O'Dell, P.C. (the "O'Dell Defendants") to Magistrate Judge

Davison's July 19, 2016 Oral Decision (the "July Decision"), which granted, in relevant part, full

disclosure of cases managed independently by the O'Dell Defendants and not referred to MMKM,

the firm where both Plaintiff and O'Dell Defendants formerly worked.  For the following reasons,

Defendants' objections to the July Order are DENIED.

## BACKGROUND

      The Court assumes familiarity with the factual background of this case as set forth in the

---

[1] Plaintiff's breach of fiduciary duty and aiding and abetting a breach of fiduciary duty, breach of contract, breach of
New York partnership law, and accounting claims against O'Dell and/or Kevin O'Dell P.C. (the O'Dell Law Office),
as well as Plaintiff's breach of contract claim against Defendant Kerrigan ("Kerrigan"), were dismissed in this Court's
February 29, 2016 Opinion & Order ("February Order"), ECF No. 57.

February Order, and notes only the following relevant facts, which are not in dispute.

Plaintiff brings this action to recover money allegedly owed as part of a payout resulting from his withdrawal as a partner from his former law firm, MMKM.  On February 29, 2016, as to the O'Dell Defendants, this Court dismissed all but the unjust enrichment claim.  (*See* February Order.)  On June 22, 2016, the O'Dell Defendants filed written responses to Plaintiff's First and Second Document Production Requests, which were initially served prior to the February 2016 Opinion.  (*See* Declaration of Brian Belowich in Support of Defendants' Objection Pursuant to FRCP 72(a), Exs. G, H, I, ECF No. 102, [hereinafter ("Belowich Decl")]; *see also* ECF Nos. 86-90.)  On June 24, 2016, Plaintiff sent a letter to Magistrate Judge Davison in which he took issue with Defendants' responses to the production requests.  (Belowich Decl. Ex. J.)  Specifically, Plaintiff argued that he should be entitled to documents concerning both the cases that were referred by Defendant O'Dell P.C. to the MMKM, as well as the cases that were handled independently by the  O'Dell Defendants (the "Non-Referred Cases").  (*See id*.; Defs.' Mem. in Support of Defs.' Objection Pursuant to FRCP 72(a), at 5, ECF No. 101, [hereinafter ("Defs.' Mem.")].)

On July 5, 2016, the O'Dell Defendants responded to Plaintiff's letter, objecting to the disclosure of any documents concerning the Non-Referred Cases on the basis that the documents were privileged, confidential, and irrelevant to the extent that they related to causes of action dismissed in the February 2016 Opinion, that the requested documents did not relate to Plaintiff's unjust enrichment claim as pled in the Amended Complaint, and that Plaintiff is not entitled to them.  (*See* Belowich Decl. Ex. K; Defs.' Mem., at 5-6.)  On the same day, Plaintiff responded that the documents concerning the Non-Referred Cases related to his claims against Defendant

Kerrigan and the amount owed to Plaintiff, and that the documents were not privileged, irrelevant, or non-discoverable.  (*See* Belowich Decl. Ex. L.)

On July 19, 2016, Judge Davison held a discovery conference to resolve this dispute.  At the conference, Judge Davison heard arguments from both Plaintiff and the O'Dell Defendants regarding the disclosure of documents pertaining to the Non-Referred Cases, and found as follows:

> [the files pertaining to the Non-Referred Cases] have everything to do with the claims that Mr. MacCartney is making with respect to Mr. Kerrigan and this alleged breach of fiduciary duty by failing to collect monies owed from your client.  In other words, even if Mr. MacCartney does not have a direct claim against your client in this case, it seems to me that those [documents] are evidentiary as to the claims that Mr. MacCartney is trying to make against Mr. Kerrigan and the Kerrigan law firm.  In other words, he's claiming that the firm was entitled to a cut of the cases, the income that [the O'Dell Defendants were] generating. And even if they don't want to go after him for it, he thinks that he's entitled to his cut of it… And I will point out that this is also relevant to the crossclaims which have been interposed against your client by these other defendants… It seems to me that what plaintiff has a legitimate need to know is when cases were initiated, how they were resolved and perhaps whether firms resources were utilized in prosecuting the case.

(*See* Belowich Decl., Ex. M, Transcript of July 19, 2016 Conference Before Magistrate Judge Davison, ("July Order"), at 21, 23, 25.)  At the conference, Defendants contended that, because MMKM employees were permitted to hold employment outside of the firm, there could be no claim against Defendant Kerrigan that could support discovery of files for cases not referred to MMKM.  (*See id*. at 22:4-11.)  Recognizing that the parties dispute whether Defendant O'Dell was permitted to engage in work outside of the firm, and noting that defendants are entitled to argue that this work was authorized and that MMKM was not entitled to its proceeds, Judge Davison found that Plaintiff was still permitted to discovery with regard to "what those cases were and what kind of fees they generated."  (*Id*. 22:24-23:5.)  Based upon this, the Judge directed the O'Dell Defendants to provide full disclosure of documents relating to both the referred and Non-

Referred Cases, with the exception of documents protected by attorney-client privilege.  (*See id.* 25:22-26:10.)

The O'Dell Defendants subsequently filed the present motion to set aside the portion of Magistrate Judge Davison's decision regarding the disclosure of documents relating to the Non-Referred Cases.  (*See* Def. Mem., at 7.)

### STANDARD OF REVIEW FOR A MAGISTRATE JUDGE'S PRETRIAL ORDER

Under 28 U.S.C. §636(b)(1)(A), a district court may refer certain non-dispositive pretrial matters pending before the court to a magistrate judge for determination.  An order on a discovery issue is a non-dispositive order.  When a party submits objections to a magistrate judge's non-dispositive order, the district court must review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).

A decision is clearly erroneous where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *BPP Wealth, Inc. v. Weiser Capital Mgmt.*, LLC, 14-CV-1848, 2015 WL 4999524, at *3 (2d Cir. Aug. 24, 2015) (summary order) (*citing New York Progress & Protection PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013) (internal quotation marks omitted).  A magistrate judge's ruling is contrary to law if it "fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure."  *Thai Lao Lignite (Thailand) Co., Ltd. v. Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511–12 (S.D.N.Y. 2013) (internal citation omitted).  "A showing that 'reasonable minds may differ on the wisdom of granting the [moving party's] motion' is not sufficient to overturn a magistrate judge's decision."  *Edmonds v. Seavey*, 08-CV-5646 (HB), 2009 WL 2150971, at *2 (S.D.N.Y. 2009) (*citing Cagle v. Cooper Cos., Inc.*, 91-CV-

7828 (HB), 1996 WL 514864, at *1 (S.D.N.Y. Sept. 10, 1996)).  This standard affords magistrate judges "broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) (internal quotation omitted).  Accordingly, "[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, 09-CV-5843, 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010) (internal citation omitted).

## DISCUSSION

The document requests in dispute are Plaintiff's First Request for Production of Documents, Request No. 5, and Second Request for Production of Documents, Request Nos. 10 and 11, which require, in relevant part, the production of documents concerning the Non-Referred Cases from September 2008 through September 2012.[2]  (*See* Defs.' Mem., at 7; Belowich Decl. Exs. G, H.)

Defendant argues that Plaintiff's requests for documents related to the Non-Referred Cases, are improper because they seek the disclosure of information: 1) relating to causes of action that were dismissed and 2) outside of the scope of Plaintiff's only remaining cause of action against O'Dell Defendants, to the extent that the documents sought predate Plaintiff's September 13, 2012 retirement, the alleged accrual date for Plaintiff's unjust enrichment claim, by four years.  (Defs.' Mem., at 8, 11.)

Federal Rule of Civil Procedure 26 governs the scope of relevant discovery between litigants.  This rule is liberally construed and is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to [an] other matter that could bear on, any

---

[2] O'Dell was hired at MMKM in September 2008.  (*See* Def.'s Mem., at 2.)

issue that is or may be in the case.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues … Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc.*, 437 U.S. at 351. It is well-established within this Circuit that the rule will be satisfied if there is "any possibility" that the information sought may be relevant to the subject matter of the action. *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (quoting *Mallinckrodt Chem. Works v. Goldman Sachs & Co.*, 58 F.R.D. 348, 353 (S.D.N.Y. 1973)); *see also Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (noting that the scope of discovery under Rule 26(b) is "very broad"). Furthermore a request for discovery is considered relevant if there is a possibility that the information sought may be relevant to the "*any party's* claim or defense." *Henry v. Morgan's Hotel Grp., Inc.*, 15-CV-1789, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016); *In re Air Crash Near Clarence Ctr., N.Y.*, 09-CV-769, 2013 WL 6073635, at *1 (W.D.N.Y. Nov. 18, 2013) ("[p]arties may obtain discovery regarding *any* nonprivileged matter that is relevant to any party's claim or defense") (citations omitted).

Given the breadth of the discovery rule and the broad discretion afforded magistrate judges when resolving discovery disputes, this Court finds that Magistrate Judge Davison was well within his discretion to decide this discovery dispute as he did. As noted above in the excerpt of the July 19 Order, Magistrate Judge Davison found that the documents concerning the Non-Referred Cases may be relevant to, at the very least, Plaintiff's claims against Defendant Kerrigan. This is sufficient to warrant disclosure under Rule 26, and the disclosure provided is reasonable.[3] As to

---

[3] Defendants attempt to fit their arguments into the framework of review by arguing that Magistrate Judge Davison's decision was "erroneous and contrary to law" due to its reliance on "mischaracterizations" of "fact and law" is

Defendants' contention that Magistrate Judge Davison's decision is erroneous on the basis that the documents sought are confidential such that disclosure would be prejudicial, the Court finds that Magistrate Judge Davison struck a reasonable balance by precluding disclosure of any documents or portions thereof protected by attorney-client privilege.  Defendants have not set forth any rule or precedent indicating this ruling is clearly erroneous.  *See Colton v. United States*, 306 F.2d 633, 639 (2d Cir. 1962) ("blanket refusal on the grounds of the attorney-client privilege to produce anything was unjustified …. [T]he attorney-client privilege protects only those papers prepared by the client for the purpose of confidential communication to the attorney or by the attorney to record confidential communications, and [plaintiff] has not made the necessary showing that the papers he refused to produce are of such nature.").  On these bases, the Court finds Magistrate Judge Davison's July Order is reasonable, and is neither "clearly erroneous" nor "contrary to law." [4]

## CONCLUSION

The Court has reviewed the factual record in this case, including the parties' pleadings and accompanying exhibits, as well as Magistrate Judge Davison's July Order and the applicable legal authorities, and concludes that the findings and reasoning provided are not clearly erroneous or contrary to law.  Accordingly, the Court DENIES the Defendants' request to modify or set aside

---

unavailing.  (*See* Defs.' Reply Mem. in Support of Defs.' Objection Pursuant to FRCP 72(a), at 7-8, ECF No. 110.) There is no indication the Court's rulings were dependent upon these "characterizations," whether or not they are in fact incorrect.

[4] Defendants argue that Plaintiff mischaracterizes *Talley v. Lamb*, 100 N.Y.S.2d 112 (Sup. Ct. 1950), and that it is inapplicable here.  (*See, e.g.*, Defs.' Mem., at 11-12.)  This Court disagrees.  *Lamb* indicates that in some circumstances, employers are entitled to an accounting and a portion of fee generated by employees who manage cases independently, where the employer has not provided the employee with explicit permission to keep that fee.  Relatedly, Defendants argue that documents submitted as part of their previous motion to dismiss establish that Plaintiff knew O'Dell P.C. was an active law firm.  (Defs.' Mem., at 6.)  That Plaintiff knew of O'Dell P.C.'s existence does not mean he was aware that Defendant O'Dell "maintained an active law practice at O'Dell P.C." and managed undisclosed cases independently.  (*See id.*) As Judge Davison notes, there is a dispute of fact as to these points, *see supra* page 3.

the Order.  Accordingly, the Order is affirmed and Defendants' objections (ECF No. 101) are
denied.

Dated:   February 27, 2017            SO ORDERED:
         White Plains, New York

_____
                                      NELSON S. ROMÁN
                                      United States District Judge

8