UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HAROLD Y. MacCARTNEY, JR.,

                Plaintiff,

-against-

KEVIN D. O'DELL and CHRISTOPHER J. WALSH, individually and doing business as MacCARTNEY, MacCARTNEY, KERRIGAN & MacCARTNEY, LAW OFFICE OF KEVIN D. O'DELL, P.C., and WILLIAM K. KERRIGAN, individually and doing business as MacCARTNEY, MacCARTNEY, KERRIGAN & MacCARTNEY,

                Defendants.

No. 14-cv-3925 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff, Harold Y. MacCartney, Jr. ("Plaintiff"), commenced this action on or about June 2, 2014, asserting claims sounding in breach of fiduciary duty and aiding and abetting breach of fiduciary duty, breach of contract, breach of New York partnership law, unjust enrichment, and for an accounting arising out of the dissolution of a former law practice partnership.(ECF N. 1.) On or about November 12, 2014, Plaintiff filed an Amended Complaint. (ECF No. 38.) In his amended complaint, Plaintiff alleges, *inter alia*, that in September 2008, Defendant Kevin D. O'Dell ("O'Dell"), a former principal of the firm of the Law Offices of Kevin D. O'Dell ("O'Dell Law Office"), became a salaried employee of the firm of MacCartney, MacCartney, Kerrigan & MacCartney ("MMKM"). As part of his employment, O'Dell was purportedly required to share any personal injury legal fees he secured during his tenure with the MMKM partners. Defendants O'Dell, William K. Kerrigan ("Kerrigan"), and the O'Dell Law Office collectively moved to dismiss Plaintiff's amended complaint (the "Amended Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 51.) By Opinion and Order, dated February 29, 2016, this Court


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/17/2018

1

dismissed most of Plaintiff's claims with the exception of those asserted against Kerrigan for breach of fiduciary duty, an accounting arising from the dissolution of the former law practice, breach of New York Partnership Law, and unjust enrichment, and claims asserted against O'Dell and the O'Dell Law Office for unjust enrichment. Now before the Court are objections by Defendants Kevin O'Dell and the O'Dell Law Office P.C. (the "O'Dell Defendants") to Magistrate Judge Paul E. Davison's ("MJ Davison") July 6, 2017 Oral Decision (the "July Decision"). For the following reasons, Defendants' objection(s) seeking to set aside MJ Davison's July Decision as erroneous and/or contrary to law is DENIED.

## BACKGROUND

The Court assumes familiarity with the factual background of this case as set forth in the February 29, 2016 Order (ECF No. 57) and February 27, 2017 Order (ECF No. 117), and notes only the following relevant facts, which are not in dispute.

Plaintiff brings this action to recover monies allegedly owed as part of a payout resulting from his withdrawal as a partner from his former law firm, MMKM. On February 29, 2016, as to the O'Dell Defendants, the Court dismissed all but the unjust enrichment claim. (ECF No. 57.) Claims against Defendant Kerrigan remain. On July 6, 2017, MJ Davison issued an oral order directing the O'Dell Defendants to produce non-privileged documents relating to non-referred cases which originated before O'Dell's employment at MMKM. The O'Dell Defendants filed the instant motion seeking to set aside MJ Davison's order as lacking in relevancy and beyond the scope of Plaintiff's allegations and claims. In support of its contentions, the O'Dell Defendants assert that O'Dell was not obligated to refer cases to MMKM and that the O'Dell Law Office was not obligated to dissolve or cease operation as a result of his employment with MMKM. However, such contentions are disputed. In particular, Plaintiff asserts that O'Dell, while an associate at MMKM "was conducting a surreptitious law practice utilizing MMKM's resources...and keeping the fees for himself."

## STANDARD OF REVIEW

Under 28 U.S.C. §636(b)(1)(A), a district court may refer certain non-dispositive pretrial matters pending before the court to a magistrate judge for determination. An order on a discovery issue is a non-dispositive order. When a party submits objections to a magistrate judge's non-dispositive order, the district court must review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).

A decision is clearly erroneous where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *BPP Wealth, Inc. v. Weiser Capital Mgmt.*, LLC, 14-CV-1848, 2015 WL 4999524, at *3 (2d Cir. Aug. 24, 2015) (summary order) (*citing New York Progress & Protection PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013) (internal quotation marks omitted). A magistrate judge's ruling is contrary to law if it "fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure." *Thai Lao Lignite (Thailand) Co., Ltd. v. Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511–12 (S.D.N.Y. 2013) (internal citation omitted). "A showing that 'reasonable minds may differ on the wisdom of granting the [moving party's] motion is not sufficient to overturn a magistrate judge's decision." *Edmonds v. Seavey*, 08-CV-5646 (HB), 2009 WL 2150971, at *2 (S.D.N.Y. 2009) (*citing Cagle v. Cooper Cos., Inc.*, 91-CV-7828 (HB), 1996 WL 514864, at *1 (S.D.N.Y. Sept. 10, 1996)). This standard affords magistrate judges "broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) (internal quotation omitted). Accordingly, "[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Samad Bros., Inc. v. Bokara Rug Co., Inc.*, 09-CV-5843, 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010) (internal citation omitted).

**DISCOVERY**

Federal Rule of Civil Procedure 26 governs the scope of relevant discovery between litigants. This rule is liberally construed and is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to [an] other matter that could bear on, any issue that is or may be in the case.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues ... Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc.*, 437 U.S. at 351. It is well-established within this Circuit that the rule of discovery will be satisfied if there is "any possibility" that the information sought to be obtained may be relevant to the subject matter of the action. *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (quoting *Mallinckrodt Chem. Works v. Goldman Sachs & Co.*, 58 F.R.D. 348, 353 (S.D.N.Y. 1973)); *see also Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (noting that the scope of discovery under Rule 26(b) is "very broad"). Furthermore a request for discovery is considered relevant if there is a possibility that the information sought may be have a bearing on "*any party's* claim or defense." *Henry v. Morgan's Hotel Grp., Inc.*, 15-CV-1789, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016); *In re Air Crash Near Clarence Ctr., N.Y.*, 09-CV-769, 2013 WL 6073635, at *1 (W.D.N.Y. Nov. 18, 2013) ("[p]arties may obtain discovery regarding *any* nonprivileged matter that is relevant to any party's claim or defense") (citations omitted).

**DISCUSSION**

The O'Dell Defendants object to MJ Davison's discovery order on the basis that the ruling is overly broad such that it "far exceeds the scope of the agreement alleged in [ the complaint]." This Court, however, disagrees. The gravaman of Plaintiff's claim(s) is that O'Dell, while an associate of MMKM, performed work on non-referred cases for which he generated fees and failed to share the fees with the partnership, MMKM. In essence, it is Plaintiff's contention that MMKM and Plaintiff, as a former partner of MMKM,

4

may be entitled to a share of the fees, if any, generated by O'Dell on cases he worked on during his tenure at MMKM.

It is well settled that a district court has broad latitude to determine the scope of discovery and to manage the discovery process. *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), aff'd sub nom. *Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250(2014) (internal citations omitted) Discovery is relevant if there is a possibility that the information sought may be material to a "party's claim"(*Maresco*, 964 F.2d at 114). This Court finds that MJ Davison's ruling is neither erroneous, overly broad nor contrary to prevailing law. Given Plaintiff's allegations and claims, it is the Court's determination that the information sought, discovery concerning cases O'Dell may have worked on while an associate at MMKM, is relevant. That includes cases that he may have brought with him prior to joining MMKM in September 2008. The relevant inquiry is whether he was providing legal services on any case(s) while a salaried employee of MMKM, utilizing firm resources, and whether MMKM is entitled to any share of the proceeds O'Dell may have received for his labor. Consistent with MJ Davison's ruling, the O'Dell Defendants need not turn over any privileged materials or communications.

## CONCLUSION

The Court after reviewing the factual record in this case, including the parties' pleadings and accompanying exhibits, as well as MJ Davison's July Decision and the applicable legal authorities, concludes that the findings and reasoning provided are not clearly erroneous or contrary to law. Accordingly, the Court DENIES the Defendants' request to set aside the July Decision. Accordingly, the Order is affirmed and Defendants' objections (ECF No. 101) are denied.

October 16, 2018  
White Plains, New York

SO ORDERED:

Judge Nelson S. Román  
U.S. District Court, S.D.N.Y.